# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER, | CASE NO. 1:10-cv-00112-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| WARDEN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## Screening Order

### I.   Screening Requirement and Standard

Plaintiff Norris Dajon Miller, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.  Plaintiff's Claims**

    **A.  Allegations**

Plaintiff, who is currently incarcerated at Kern Valley State Prison, brings this action against prison officials based on events which occurred at Pleasant Valley State Prison. On January 8, 2008, a fight occurred at the prison and although Plaintiff alleges that he was not involved, he was sprayed in the face with two cans of mace. Plaintiff, who has asthma, tried to cover his face to protect it and was then hit twice on the right wrist with a police baton. Plaintiff was handcuffed tightly, picked up by three of the four officers, and thrown out of the building. Plaintiff, who became airborne in the toss, landed on the hard concrete, sustaining a broken right wrist and a right carpal navicular fracture.

Plaintiff alleges that Defendant Lewis, a physician at a clinic in Tehachapi, never fixed his right hand. Plaintiff's hand has been broken for two years and he has marginal sclerosis, possibly indicating the failure to heal. Further, Plaintiff, who is right-handed, cannot bend his right hand up or down.

Plaintiff alleges claims for the use of excessive physical force and the denial of appropriate medical care, in violation of the Eighth Amendment of the United States Constitution. Plaintiff seeks damages and medical care as relief, and he names the Doe Warden of Pleasant Valley State

1  Prison; Correctional Officers S. Johnson, Moore, and Lyon; Sergeants Teater and Huyck; and Doctor
2  Lewis as defendants.

### B. Excessive Force Claim

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff has adequately alleged the use of excessive force against him, but his complaint is devoid of any linkage between the actions complained of and the individual defendants. Although Plaintiff names Johnson, Moore, Lyon, Teater, and Huyck as defendants, Plaintiff describes those involved in the incident only as officers and states that three of four officers threw him out of the building. This is insufficient to state a claim against Defendants Johnson, Moore, Lyon, Teater, and Huyck given that the complaint does not identify which staff members took which actions.

Further, liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, ___ F.3d ___, ___, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett,

567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

The Doe warden and the two sergeants hold positions of authority within the prison, but it is unclear how they were involved in the violation of Plaintiff's rights. As a result, Plaintiff fails to state a claim against them.

### C.  Medical Care Claim

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Defendant Lewis appears to be a physician at a private medical clinic. Assuming without deciding that Defendant Lewis acted under color of law as a state contract provider, see e.g., Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Pollard v. GEO Group, Inc., 629 F.3d 843, 854-58 (9th Cir. 2010); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008), Plaintiff's bare allegation that Defendant Lewis failed to fix his hand is insufficient to support an Eighth Amendment claim, Farmer, 511 U.S. at 834. A disagreement with the assessment and course of treatment for an injury, alone, is insufficient to support a claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Rather, Plaintiff must allege sufficient facts to support a claim that Defendant Lewis knowingly disregarded an excessive risk of harm to Plaintiff's health. Farmer, 511 U.S. at 834.

///

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed January 22, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 31, 2011**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE