# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00112-SKO PC<br><br>ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT<br><br>(Docs. 31 and 36)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>(Doc. 27) |

Plaintiff Norris Dajon Miller, a former prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2010. On April 24, 2012, the Court issued an order directing the United States Marshal to initiate service of Plaintiff's amended complaint on Defendants Huyck, Johnson, Lyon, Teater, and Moore. Defendants Huyck, Johnson, Lyon, and Teater answered the amended complaint and a scheduling order was issued. Defendant Moore remains unserved, however.

On June 6, 2012, the Court issued an order denying Plaintiff's third motion for entry of default against Defendants, including Moore. In the order, the Court stated:

> As with the two previous motions, Plaintiff's third motion lacks merit. The United States Marshal was directed to *initiate* service of process on April 24, 2012. There is no evidence in the record that Defendants waived service or were personally served and thereafter failed to file a timely response. Until and unless Plaintiff is in receipt of such evidence, there is no basis for seeking entry of default.
>
> Plaintiff was previously warned that further filing of baseless requests for the entry of default may lead to the imposition of sanctions against him. Plaintiff is now warned that if he files another meritless motion, sanctions will be imposed against him.

1  (Order, Doc. 27, 1:18-15.)

2  Despite the Court's clear warning to Plaintiff, he filed another baseless motion seeking entry of default against Defendant Moore on July 20, 2012, and a baseless motion seeking default judgment against Defendant Moore on September 12, 2012.  Fed. R. Civ. P. 55.  There remains no evidence in the record that Defendant Moore has been served.[1]  Plaintiff's motions are devoid of merit and shall be denied.  In addition, Plaintiff shall be required to show cause why sanctions should not be imposed against him for violating the Court's order of June 6, 2012.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motion for entry of default, filed on July 20, 2012, and Plaintiff's motion for default judgment, filed on September 12, 2012, are DENIED; and

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why sanctions should not be imposed against him for acting in contravention of the Court's order of June 6, 2012.

IT IS SO ORDERED.

**Dated:   October 4, 2012**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Upon inquiry, the Marshal has informed the Court that it will be returning the service documents unexecuted, as it has been unable to locate Defendant Moore.  The Court will determine the appropriate course of action once it has receives, files, and reviews the USM-285 form.