# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00112-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT, GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST, DISMISSING ACTION WITHOUT PREJUDICE, DENYING MOTION TO VACATE SCHEDULING ORDER AS MOOT, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF DEFENDANTS<br><br>(Docs. 41, 44, and 48) |

**Order on Motion to Dismiss and Motion for Default**

**I.      Defendants' Motion to Dismiss for Failure to Exhaust**

　　**A.      Procedural History**

　　Plaintiff Norris Dajon Miller ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2010. This action for damages is proceeding on Plaintiff's amended complaint, filed on April 18, 2011, against Defendants Johnson, Lyon, Moore, Teater, and Hyuck ("Defendants") for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution. The incident giving rise to Plaintiff's claim allegedly occurred on January 8, 2008, at Pleasant Valley State Prison in Coalinga, California.

　　On October 10, 2012, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on November 7, 2012, Defendants filed a reply on November 15, 2012, and the motion

has been submitted upon the record.[1]  Local Rule 230(l).  For the reasons which follow, Defendants' motion to dismiss shall be granted.

Defendants' motion to vacate the scheduling order, filed on March 1, 2013, shall be denied as moot in light of this order.

**B.    Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

///

///

///

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 42.)

**C.  Discussion**

    **1.  Appeals Process**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant time period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).[2] Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. To satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

    **2.  Parties' Positions**

Defendants argue that they are entitled to dismissal because Plaintiff failed to file any appeals concerning the facts underlying his excessive force claim, and between the date of the incident and the date he filed his amended complaint, he did not file any non-medical appeals. (Doc. 41, Motion, Lozano Dec., ¶4 & Morgan Dec., ¶4.) Defendants argue that while Plaintiff referred to appeal log number PVSP-27-08-18298 in an unrelated filing, that appeal did not grieve his excessive force claim. (Id., Ex. A.)

In his verified amended complaint, Plaintiff alleges that he filed an appeal and it was exhausted through the Director's Level of review.[3] (Doc. 15, § II.) In his verified opposition, Plaintiff, who alleges that his wrist was broken during the incident, argues that he is right handed and he was unable to write when his wrist was in a cast. (Doc. 45, Opp.) Plaintiff asserts that his wrist

---

    [2] The regulations were amended in 2011.

    [3] Contentions set forth in verified pro se pleadings, motions, and/or oppositions constitute evidence where the contentions are based on personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).

3


was in a cast for over a year and a half, and the only time he could write was when the doctor took the cast off for a week before replacing it.[4]

### 3. Appeal Log Number PVSP-27-08-18298

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested." Sapp, 623 F.3d at 824 (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted); accord Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012).

Plaintiff filed appeal log number PVSP-27-08-18298 on September 29, 2008, and the appeal was exhausted on January 20, 2010. (Motion, Ex. A.) However, that appeal concerned medical care for Plaintiff's broken wrist, and it contained no mention of physical force by officers or of staff responsibility for the injury. In the appeal, Plaintiff stated only that he broke his wrist on January 8, 2008, and he complained about the lack of pain medication and the need for treatment. As such, appeal log number PVSP-27-08-18298 provided no notice to prison officials that Plaintiff was subjected to the use of physical force by officers on January 8, 2008, and the appeal does not suffice to exhaust Plaintiff's excessive force claim. McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011); Morton, 599 F.3d at 946.

### 4. Availability of Administrative Remedies

With respect to Plaintiff's argument that he was unable to file a grievance because he could not write while his wrist was in a cast, exhaustion is mandatory and unexhausted claims must be dismissed. Jones, 549 U.S. at 211. Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford, 548 U.S. at 90, and the

---

[4] It is unclear if the cast was removed only once or repeatedly.

4

exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84 (quotations omitted). The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp, 623 F.3d at 822-23; Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005).

Here, there is no evidence that Plaintiff made a reasonable, good faith effort to exhaust his excessive force claim but was prevented from doing so. Sapp, 623 F.3d at 823; Nunez, 591 F.3d at 1224. The record is devoid of any evidence that Plaintiff tried to use the grievance process but was wrongfully thwarted by prison officials or that he sought assistance in filing a grievance due to his inability to write but was refused help. Furthermore, when Plaintiff filed a grievance regarding medical care for his wrist on September 29, 2008, the appeal made no mention of the use of force by staff.[5]

In sum, exhaustion is mandatory and to avail himself of the exception for appeals processes rendered unavailable, Plaintiff was required to demonstrate that he made a reasonable, good faith attempt to file an appeal but was unable to do so through no fault of his own. Sapp, 623 F.3d at 823; Nunez, 591 F.3d at 1224. Plaintiff has not done so and Defendants are entitled to dismissal of this action.

## II.     Plaintiff's Motion for Default Judgment

Also pending before the Court is Plaintiff's fourth motion for default, filed on October 23, 2012. Plaintiff's previous three motions were denied and in denying the third motion, the Court warned Plaintiff that if he filed another meritless motion, sanctions would be imposed against him. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991).

///

---

[5] While appeals are supposed to be filed within fifteen days of the incident, the regulation provides that an appeal *may* be rejected if "[t]ime limits for submitting the appeal are exceeded *and* the appellant had the opportunity to file within the prescribed time constraints." Tit. 15, § 3084.3(c)(6) (emphasis added). Plaintiff's purported inability to write would have been relevant, had he been unable to file an appeal prior to September 29, 2008, due to the inability to write and the lack of any accommodation by prison officials.

1    As with Plaintiff's prior three motions, his fourth motion is without merit. There is no
evidence in the record that Defendant Moore ever waived service or was personally served and
thereafter failed to file a timely response, Fed. R. Civ. P. 4(d), (e), and Defendant Moore voluntarily
appeared by filing a motion to dismiss on October 10, 2012, precluding any entitlement to entry of
default or default judgment, Fed. R. Civ. P. 55; Franchise Holding II, LLC v. Huntington Rests. Grp.,
Inc., 375 F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's entry of default void *ab initio*).

Plaintiff is proceeding in forma pauperis in this action, he is now residing out of state, and
Defendants are entitled to dismissal of this action for failure to exhaust. In light of these
circumstances, the Court elects not to exercise its discretion to sanction Plaintiff for filing his fourth
frivolous motion for default; doing so would be unlikely to serve any useful purpose. Chambers, 501
U.S. at 44-45 ("[I]nherent powers must be exercised with restraint and discretion," and "[a] primary
aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses
the judicial process.")

**III.    Order**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for default, filed on October 23, 2012, is DENIED;

2. Defendants' motion to dismiss for failure to exhaust, filed on October 10, 2012, is GRANTED and this action is dismissed, without prejudice;

3. Defendants' motion to vacate the scheduling order, filed on March 1, 2013, is DENIED as moot; and

4. The Clerk of the Court shall enter judgment in favor of Defendants.

IT IS SO ORDERED.

**Dated:    March 12, 2013**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE