# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　Defendants. | Case No.  1:10-cv-00112-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DISMISSAL ORDER**<br><br>**(Docs. 51, 52)** |

　　Plaintiff, Norris Dajon Miller, was a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The parties consented to jurisdiction of a United States Magistrate Judge for all purposes.  This action was closed on March 13, 2013, when Defendants' motion to dismiss was granted without prejudice. (Doc. 49.) Three years later, Plaintiff filed a motion to be allowed to refile an opposition to Defendants' motion to dismiss (Doc. 51) as well a request for summary judgment and a motion to subpoena the video from a surveillance camera (Doc. 52).  These motions are construed as motions for reconsideration of the order dismissing this action.

　　The history leading to the dismissal of this action is straightforward.  On October 10, 2012, Defendants filed a motion to dismiss for Plaintiff's failure to exhaust the available administrative remedies prior to filing suit.[1]  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

---

[1] A motion to dismiss was the proper vehicle to raise the affirmative defense of failure to exhaust administrative remedies until 2014.  *See Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014) (en banc).

1

Plaintiff filed an opposition on November 7, 2012, to which Defendants replied on November 15, 2012.  The motion was then deemed submitted pursuant to Local Rule 230(*l*).  On March 13, 2013, an order issued granting Defendants' motion to dismiss without prejudice.  (Doc. 49.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) ***no more than a year*** after the entry of the judgment or order or the date of the proceeding." (emphasis added.)

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

After passage of three years, Plaintiff seeks to supplement his opposition to Defendants' motion to dismiss as he "forgot to write [his] contemporaneous notice of the requirements for opposing an unenumerated rule [sic] when [he] filed [his] opposition on November 7, 2012." (Doc. 51.) This one-page document recites various statements of law followed by case citations. (*Id.*)  In his other document, Plaintiff seeks to subpoena footage from various surveillance cameras he asserts will show that he was assaulted by prison staff. (Doc. 52.) Neither of these submissions includes facts or legal authority pertinent to Plaintiff's exhaustion efforts to justify revisiting the ruling on Defendants' motion to exhaust. Plaintiff also provides no explanation for the three year lapse between dismissal of this action and his current motions.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the March 13, 2013, order dismissing this action to be supported by the record and proper analysis.

Accordingly, Plaintiff's motions for reconsideration, filed on May 23, 2016, (Docs. 51, 52), are HEREBY DENIED and any concomitant objections are OVERRULED.

IT IS SO ORDERED.

Dated:   **May 26, 2016**                    /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE